UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**PERCY S. SHEPARD**                                                                                     **PLAINTIFF**

v.                                                                     **CIVIL ACTION NO. 4:10CV-P105-M**

**DAVIESS COUNTY DETENTION CENTER** *et al.*                       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Percy S. Shepard initiated this *pro se* civil action alleging a number of claims in connection with his incarceration at the Daviess County Detention Center. After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed 42 U.S.C. § 1983 and state-law negligence claims to go forward against Defendant Nurse Susan Tatem. Finding that Plaintiff had taken no action in this case since filing the complaint on August 16, 2010, the Court entered a show-cause order on January 18, 2012, directing Plaintiff to show cause why the instant action should not be dismissed for failure to prosecute. The Court warned Plaintiff that his failure to comply with the Order within 30 days would result in dismissal of this action for failure to prosecute.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power

"acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order to Show Cause shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:     Plaintiff, *pro se*
        Defendant Tatem
        Daviess County Attorney
4414.010